# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEFFREY CHARLES,

                    **Plaintiff,**

v.                                        **Case No.  6:19-cv-1370-Orl-41GJK**

ORANGE COUNTY SHERIFF'S OFFICE,
ORANGE COUNTY JAIL, and 9TH
CIRCUIT COURT,

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 3)** |
| **FILED:**    **August 8, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED and that the complaint be DISMISSED WITHOUT PREJUDICE**. |

On July 24, 2019, pro se plaintiff Jeffrey Charles filed a "Complaint and Request for Injunction" (the "Complaint"). Doc. No. 1. On August 8, 2019, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion"). Doc. No. 3.

## I.    APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a

claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action fails to state a claim on which relief may be granted under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746

F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

## II.    ANALYSIS

Plaintiff alleges that Defendants violated his constitutional rights by falsely arresting and

detaining him. Doc. No. 1. He also alleges battery, libel, and violation of his privacy. *Id.* at 5.

Plaintiff alleges legal conclusions, but no facts upon which this action is based. Doc. No. 1.

The Complaint violates Federal Rule of Civil Procedure 8, as it does not contain a short

and plain statement that establishes a right to relief. As the Complaint fails to comply with

Federal Rule of Civil Procedure 8 by not stating a claim on which relief may be granted, it is

recommended that the Motion be denied and that the Complaint be dismissed without prejudice.

Ordinarily, a pro se party should be given one opportunity to file an amended complaint

that states a claim within this Court's subject-matter jurisdiction on which relief could be

granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint,

Plaintiff must clearly allege the factual and legal bases of his cause of action (whether a

constitutional provision, treaty, statute, or common law). Plaintiff should not include argument in

the amended complaint.

Even if the Complaint stated a claim for relief, then it appears that the Motion should still

be denied. Plaintiff states in the Motion that he owns a home worth $269,000. Doc. No. 3 at 3.

Plaintiff does not state that he owes money on the home. Accordingly, under no reasonable

standard can Plaintiff be considered a pauper. *See Clayton v. Merge*, 2007 WL 846627, at *1

(M.D. Penn. Mar. 19, 2007) (given the assets available, payment of the filing fee would not be an

undue hardship on Plaintiff or deprive her of life's necessities). A page is missing from the

3

Motion, however, that would list Plaintiff's expenses. Doc. No. 3 at 3-4. Additionally, it appears that Plaintiff may have misinterpreted the second part of the first question that asks Plaintiff to state the "[i]ncome amount expected next *month*." *Id.* at 1-2 (emphasis added). Thus, Plaintiff should be permitted the opportunity to file an amended motion to proceed *in forma pauperis*.

**III.    CONCLUSION**

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 3);

2. **DISMISS** the complaint without prejudice; and

3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with an amended motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice. In the amended complaint, Plaintiff should include:

   a.   the basis upon which the Court has subject matter jurisdiction;

   b.   what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by Defendants;

   c.   a short plain statement of facts as to each claim and the Defendants' involvement in the violation alleged in each claim;

   d.   how Plaintiff has been damaged or injured by Defendants' actions or omissions; and

   e.   a clear statement of the relief sought.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 14, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party

5